■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY HUYNH, Also Known as JOHN HUYNH, Appellant. [637 NYS2d 62] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered May 18, 1993, convicting defendant, after jury trial, of two counts of robbery in the first degree and one count of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, 10 to 20 years, and $7^{1}/_{2}$ to 15 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The accomplice testimony was corroborated in all major respects by the complainant's testimony, the physical evidence recovered, and the evidence of flight. The jury's credibility determinations, which were not unreasonable, will not be disturbed by this Court (*People v Siu Wah Tse*, 91 AD2d 350, *lv denied* 59 NY2d 679).

Defendant requested that the jury be instructed regarding defendant's right not to testify and did not object to the instructions as given. As the instructions did not convey to the jury that defendant should have testified, any claim of error is unpreserved (*People v Autry*, 75 NY2d 836).

The People complied with the provisions of CPL 240.45 by making available to defendant prior to the prosecutor's opening statement a complete and accurate record of known convictions and advising that there were no pending criminal charges regarding a witness that the People intended to call at trial (CPL 240.45 [1] [b], [c]; *see, People v Torres*, 201 AD2d 294).

Defendant did not request a jury charge regarding the affirmative defense of inoperability of the gun in connection with the first count of the indictment charging "displays what appears to be a pistol", and thus did not preserve his current claim of error (CPL 470.05; *see, People v Baker*, 209 AD2d 293, *lv denied* 84 NY2d 1028). In any event, such a charge was not required in this case, where defendant did not produce any ev-

idence from which the jury could determine that the object displayed was not a loaded weapon capable of producing death or other serious physical injury (*People v Gilliard*, 72 NY2d 877, 878). Rather, the evidence showed that a handgun was displayed and discharged during the robbery. Moreover, *sua sponte* delivery of such a charge would have been highly improper because of possible interference with defense strategy.

The trial court's supplementary instruction to the jury regarding "display of what appears to be a pistol" comported with the court's obligation to respond meaningfully to the jury's request for additional instruction (*see, People v Almodovar*, 62 NY2d 126, 131-132). When viewed together with the trial court's instruction regarding the requirement that the gun in question be operable, and the jury's determination of defendant's guilt of robbery in the first degree on the theory that he committed forcible theft of property while armed with a deadly weapon under Penal Law § 160.15 (2), there is no reasonable possibility that the jury convicted defendant of the first count of the indictment, charging forcible theft while displaying what appeared to be a pistol, while believing that defendant had displayed something other than a gun.

We perceive no abuse of discretion in sentencing.

We have considered defendant's additional claims of error and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.