■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SANDERS, Appellant. [637 NYS2d 859] —Judgment unanimously affirmed. Memorandum: County Court properly determined that the showup identification of defendant was conducted promptly and was not unduly suggestive. Defendant was apprehended a short distance from the crime scene, and the showup was conducted at the crime scene, 45 to 50 minutes after the crime was committed *(see, People v Hartsfield,* 210 AD2d 949, *lv denied* 85 NY2d 862; *People v Hendrick,* 192 AD2d 1100, *lv denied* 82 NY2d 755). The argument that the police officers lacked reasonable suspicion to order defendant out of his car was not advanced at the suppression hearing and thus is not preserved for our review *(see,* CPL 470.05 [2]; *People v Dancey,* 57 NY2d 1033, 1035; *People v Brinson,* 177 AD2d 1019, 1020, *lv denied* 79 NY2d 998). Were we to exercise our power to review that argument as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]), we would nevertheless affirm. "[T]he right to stop a moving vehicle is distinct from the right to approach the occupants of a parked vehicle" *(People v Spencer,* 84 NY2d 749, 753, *cert denied* — US — , 116 S Ct 271). While reasonable suspicion is required to stop a moving vehicle, here, defendant was in a parked car. The police had the right to approach the parked car in which defendant and his companion were occupants because they had an objective, credible reason for doing so *(see, People v Ocasio,* 85 NY2d 982, 984, citing *People v Harrison,* 57 NY2d 470, 475-476), based upon the description by the victim of her assailants and their vehicle. (Appeal from Judgment of Erie County Court, D'Amico, J.—Robbery, 3rd Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.