■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL T. STRONG, Appellant. [651 NYS2d 823] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of criminal possession of a weapon in the third degree, defendant argues that Supreme Court erred in admitting testimony concerning an uncharged crime, i.e., the drive-by shooting that brought the police to the scene. The evidence was admissible as background material that completed the narrative of the episode (*see, People v Till*, 87 NY2d 835, 837), and the court properly instructed the jury that the evidence was admitted for that limited purpose.

We reject the contention of defendant that the court erred in denying his motion to suppress the gun that he dropped as he ran from the car. Defendant's car came to a stop without the police having activated their lights and sirens. Because defendant's car had come to a stop, the police needed only an objective, credible reason to approach it (*see, People v Ocasio*, 85 NY2d 982, 985; *People v Sanders*, 224 AD2d 956, *lv denied* 88 NY2d 885). That reason was the victims' identification of the assailants' vehicle (*see, People v Sanders, supra*), even assuming, arguendo, that the victims' identification was unsubstantiated hearsay (*see, People v Landy*, 59 NY2d 369, 376). (Appeal from Judgment of Supreme Court, Erie County, Grif-

fith, J.—Criminal Possession Weapon, 3rd Degree.) Present— Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.