■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS A. BECHT, Appellant. [653 NYS2d 878] —Judgment unanimously affirmed. Memorandum: Supreme Court properly determined that the showup identification of defendant was not unduly suggestive. Defendant was apprehended a short distance from the crime scene, and the showup was conducted at the crime scene approximately 40 minutes after the crime was committed. Although defendant was identified while seated in the rear of a police car, the record supports the suppression court's finding that the showup identification was not unduly suggestive (*see, People v Duuvon*, 77 NY2d 541, 545; *People v Sanders*, 224 AD2d 956, *lv denied* 88 NY2d 885; *People v Hendrick*, 192 AD2d 1100, *lv denied* 82 NY2d 755).

The court properly denied defendant's request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. There is no reasonable view of the evidence that would support a finding that defen-

dant committed the lesser offense but not the greater (*see, People v Glover*, 57 NY2d 61, 64; *People v Lopez*, 176 AD2d 468, *lv denied* 79 NY2d 860).

Defendant's sentence is not unduly harsh or severe.

We have reviewed the arguments raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.