THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN FAIR, Appellant. [678 NYS2d 759] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Defendant contends that County Court erred in failing to charge the affirmative defense that the weapon was inoperable. By failing to request that charge, defendant has failed to preserve his present contention for our review (*see,* CPL 470.05 [2]; *People v Huynh,* 223 AD2d 463, *lv denied* 88 NY2d 849). In any event, defendant chose to pursue the defense of duress at trial, and the *sua sponte* delivery of a charge on the affirmative defense of inoperability would have been "highly improper because of possible interference with defense strategy" (*People v Huynh, supra,* at 464; *see also, People v Baker,* 209 AD2d 293, 294, *lv denied* 84 NY2d 1028; *People v Maldonado,* 175 AD2d 698; *see generally, People v Bradley,* 88 NY2d 901, 903).

The court did not abuse its discretion in refusing to impose a sanction upon the People as a result of the failure of the police to follow the procedure set forth in Penal Law § 450.10 before returning the stolen property to the victim. Defendant failed to demonstrate any prejudice resulting from that failure (*see, People v Kelly,* 62 NY2d 516, 520-521; *People v Byron,* 171 AD2d 802, 803). We reject the remaining contention of defendant that cumulative error deprived him of a fair trial. (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.