■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY JOHNSON, Appellant. [693 NYS2d 789] —Judgment

unanimously affirmed. Memorandum: Supreme Court properly determined that the showup identification of defendant was not unduly suggestive. Defendant was apprehended a short distance from the crime scene, and the showup was conducted at the crime scene approximately 40 minutes after the crime was committed (*see, People v Becht,* 236 AD2d 792, *lv denied* 89 NY2d 1088, *cert denied* 522 US 887; *People v Sanders,* 224 AD2d 956, *lv denied* 88 NY2d 885). Although there was evidence that a five-year-old girl identified defendant as the perpetrator immediately before the showup, the court credited the testimony of complainant that she did not hear anyone identify defendant. "The evaluation of credibility by the hearing court is entitled to great weight and its determination will be not disturbed where, as here, it is supported by the record" (*People v Henry,* 242 AD2d 877, *lv denied* 91 NY2d 834).

The court did not abuse its discretion in declining to impose a sanction upon the People as a result of the failure of the police to comply with the requirements of Penal Law § 450.10 before returning the stolen property to complainant. Defendant has not demonstrated any prejudice resulting from that failure (*see, People v Fair,* 254 AD2d 768, *lv denied* 92 NY2d 1048), and there is no indication that the People acted in bad faith (*see, People v Lathigee,* 254 AD2d 687, *lv denied* 92 NY2d 1034). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.