## (November 21, 1972)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES MANLEY, Appellant.— Appeal from a judgment of the County Court of Tompkins County, entered October 1, 1971, convicting defendant on his plea of guilty of criminal trespass in the second degree and attempted burglary in the third degree. At 2:00 P.M. on April 21, 1971 appellant voluntarily appeared at the Sheriff's department, and, after receiving the *Miranda* warnings, waived his constitutional rights both orally and in writing. Appellant was then interrogated by Detective Lane regarding a burglary at the Hart residence, and at 4:30 P.M. he signed a confession. Neither the voluntariness of the waiver nor the confession are challenged. When appellant and two accomplices agreed to show the police where they had hidden the stolen property, the party proceeded to an apartment where they found property stolen from the Hart residence and a television set. Detective Lane asked where the television set had come from, and one of the accomplices replied "the Pirate's Club", an establishment which had been burglarized six days prior to the Hart burglary. Lane asked if all had participated in that crime, to which they responded affirmatively. Appellant and his accomplices were then arraigned on the Hart charges and returned to the Sheriff's office for further questioning. No further *Miranda* warnings were given. At 10:30 P.M. appellant confessed to the Pirate's Club burglary. Burglary indictments on both charges were returned, and, after a *Huntley* hearing, appellant's confessions were ruled voluntary and admissible. Contending that he had pleaded guilty because the confessions were ruled admissible, appellant challenges his conviction for the count arising out of the Pirate's Club burglary. He contends that the failure of the interrogating officer to repeat the *Miranda* warnings prior to taking his statement on the Pirate's Club burglary violated his constitutional rights and rendered the confession and the subsequent conviction invalid. We disagree. Appellant concededly was fully apprised of his rights before any interrogation commenced and his initial waiver was voluntarily and intelligently made. From that point on he was in continuous custody and there was no interruption of custody which induced appellant to believe that he was no longer the focal point of the investigation. Having been adequately informed of his rights at 2:00 P.M., it would be unreasonable to assume that appellant had forgotten those rights or no longer understood them when questioned about the Pirate's Club burglary later that afternoon or when he signed a confession (which, we note, contained a written statement of his rights and a waiver thereof) at 10:30 P.M., at least in the absence of any evidence of coercion. From all the circumstances, it is clear that appellant had been properly advised of his rights, and knowingly relinquished them. We have examined the remainder of appellant's contentions and find them to be without merit. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.