■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. GLINSMAN, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Aldrich, J.), rendered September 26, 1977, convicting him of burglary in the first degree, burglary in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the instant appeal, defendant contends, *inter alia,* that the County Court (1) improperly denied those branches of his pretrial motion as sought to suppress physical evidence and an inculpatory statement and (2) committed reversible error in its charge to the jury.

We disagree with defendant's arguments.

The County Court properly held that a rifle seized at defendant's residence immediately following his arrest was admissible at trial. The uncontroverted testimony at the suppression hearing established that the police officers who entered the house (1) did so upon defendant's unsolicited request to secure the premises and extinguish the lights therein, and (2) observed the weapon in open view, lying on top of defendant's living room sofa. Accordingly, the rifle was properly admitted into evidence (see *People v Gonzalez,* 39 NY2d 122; *Harris v United States,* 390 US 234, 236).

The County Court also properly held that defendant's statement to the police while he was being transported in a police vehicle for arraignment was admissible at trial. The record indicates that defendant was given his *Miranda* warnings (see *Miranda v Arizona,* 384 US 436) by the police at approximately 6:30 or 7:00 on the morning of his arrest. Defendant waived his rights and gave an inculpatory statement to the police. Between 9:00 and 9:30 A.M. that day, while still in police custody, defendant was transported to Pawling for arraignment and during that trip, defendant gave a second inculpatory statement to the police in response to police questioning. It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous (*People v Johnson,* 49 AD2d 663, affd 40 NY2d 882; *People v Caruso,* 45 AD2d 804; *People v Manley,* 40 AD2d 907; *People v Crosby,* 91 AD2d 20, 29). Accordingly, this branch of defendant's motion which sought to suppress this statement was properly denied.

Finally, defendant argues that the County Court, in its charge, shifted the burden of proof to defendant and thereby committed reversible error when it (1) advised the jury in a preliminary instruction that "[t]he [P]eople's opening * * * serves as a statement of the charges that the defendant will be required to meet" and (2) advised the jury in a supplemental charge, contrary to the holding of the Supreme Court in *Sandstrom v Montana* (442 US 510), that "general criminal intent of crimes is presumed from the criminal act itself and nothing more need be established by the [P]eople in order to establish general criminal intent other than the act itself which is prohibited".

Initially, it must be noted that defendant failed to object to these portions of the charge, and thus these issues have not been preserved for appellate review (*People v Thomas,* 50 NY2d 467; *People v Mandrachio,* 79 AD2d 278, affd 55 NY2d 906; *People v Gonzales,* 77 AD2d 654, affd 56 NY2d 1001).

Moreover, a review of the charge as a whole indicates that the court properly instructed the jury on the appropriate burden of proof and the fact that any presumption or inference regarding the issue of intent was permissive only (*People v Green,* 50 NY2d 891, cert den 449 US 957; *People v Getch,* 50 NY2d 456, 465). Under these circumstances, and in view of the overwhelming evidence of guilt, the afore-mentioned errors claimed by defendant do not warrant reversal in the interest of justice (*People v Fournier,* 70 AD2d 491).

We have reviewed defendant's remaining contentions and find them to be without merit. Titone, J. P., Mangano, Brown and Rubin, JJ., concur.