■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. STANTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the hearing court erred in determining that a statement given by him to the police was voluntarily made. We disagree. The record supports the court's findings that defendant was given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) and voluntarily chose to waive them even after he had incriminated himself. Furthermore, the fact that seven hours elapsed between the time defendant was last given his *Miranda* warnings and the time he gave his confession to the police does not render the interrogation inherently coercive. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021). Further, the record supports the hearing court's finding that defendant's statement was not made as a result of any coercive strategy or tactics of the police or because of his confinement.

Defendant's contentions that he was denied his right to an impartial jury and that the jury had not been properly sequestered cannot be decided on this record and may only be determined after a hearing conducted pursuant to CPL 440.10 *(see, People v Cleveland,* 132 AD2d 921, *lv denied* 70 NY2d 750).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.