■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LIGUORI, Appellant. [602 NYS2d 187] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered December 10, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following a jury trial, the defendant and codefendant were convicted of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts) in connection with the shooting death of the victim on the evening of August 19, 1989. The defendant and codefendant were jointly tried on a theory of acting in concert. On this appeal, the defendant argues that the evidence adduced at trial was legally insufficient to establish his guilt beyond a reasonable doubt.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. The defendant, who responded to the scene of the crime in response to a telephone call for help from the codefendant, was observed carrying a gun upon his arrival, and waited while his codefendant retrieved a gun from his car. When the victim approached the defendant and his codefendant from the end of the street, the defendant and his codefendant, both armed, approached the victim. Witnesses saw the defendant and the codefendant each raise one of their arms. Then two gunshots were heard. Two types of bullets were recovered from the scene. After the victim was fatally shot, the defendant remained at the codefendant's side, and the defendant and codefendant fled together in the defendant's car and disposed of the two guns. A short time after the shooting, the defendant admitted to a third party that "we shot somebody in Queens". From these facts one could reasonably conclude that the defendant acted in concert with the codefendant and that he acted with the mental culpability required for the commission of the crimes charged *(see, People v Williams,* 114 AD2d 385; *People v McClary,* 138 AD2d 413; *People v Steel,* 130 AD2d 601). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

A review of the court's instructions reveals that the charge properly stated the fundamental legal principles applicable to this case. The charge included a correct application of the Penal Law provision concerning accessorial liability *(see,* Penal Law § 20.00), and repeated instructions that the jury must consider the evidence separately as to each defendant *(see, generally, People v Compitiello,* 118 AD2d 720; *People v Green,* 137 AD2d 713).

Under the circumstances of this case, the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining allegations of error are unpreserved for appellate review, without merit, or do not warrant reversal of the judgment of conviction. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.