■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY M. BAKER, Appellant. [617 NYS2d 798] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered January 4, 1993, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his written statement given at 9:10 P.M. was properly admitted into evidence. It is well settled that "where a person in police custody has been issued Miranda warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody remained continuous" (People v Glinsman, 107 AD2d 710, cert denied 472 US 1021). Here, the record indicates that the defendant remained in the interview room during his detention, and that approximately eight hours passed from the time he was issued Miranda rights and his 9:10 P.M. statement. Therefore, additional warnings were unnecessary (see, e.g., People v Stanton, 162 AD2d 987; People v Williams, 137 AD2d 568; People v Crosby, 91 AD2d 20; People v Johnson, 49 AD2d 663; People v Manley, 40 AD2d 907). Furthermore, based on the totality of the circum-

stances *(see, People v Anderson,* 42 NY2d 35; *People v Fischl,* 182 AD2d 699), including the duration and conditions of detention, the attitude of the police toward the defendant, and the age, physical state and mental state of the defendant *(see, People v McAvoy,* 142 AD2d 605; *People v Ross,* 134 AD2d 298), the defendant's 9:10 P.M. statement was voluntarily given. The defendant had only been detained for approximately eight hours before making his first inculpatory statement. In addition, the defendant was given dinner and permitted to use the toilet facilities. Further, there is no evidence in the record that the defendant was subjected to intimidation or coercion by the police. Finally, the record indicates that the defendant was not under the influence of drugs or alcohol while he was detained.

We find no merit to the defendant's contention that the medical examiner's prior testimony regarding the decedent's autopsy, given in a civil proceeding conducted in the Family Court, constituted *Rosario* material *(see, People v Washington,* 196 AD2d 346). Therefore, the People's failure to produce this testimony did not deprive the defendant of a fair trial.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852) or without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.