■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILY SHOMO, Appellant. [653 NYS2d 292] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered September 9, 1993, convicting defendant, after a jury trial, of murder in the second degree (two counts), robbery in the first degree and burglary in the first degree, and sentencing her to concurrent terms of 16 years to life on the murder convictions, and $8^1/_3$ to 25 years on the robbery and burglary convictions, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence regarding her liability as an accomplice is unpreserved for appellate review, since defendant's general trial order of dismissal was not specifically directed at the alleged insufficiencies now raised on appeal (see, People v Gray, 86 NY2d 10, 19), and we decline to review in the interest of justice. Were we to review, we would find that a rational jury could have rejected the exculpatory aspects of defendant's statements, and concluded that defendant and her accomplices acted pursuant to a preconceived plan (see, People v Cabey, 85 NY2d 417). Although defendant maintained she was unaware of the plan to commit a burglary and robbery, her actions in entering the apartment behind her accomplices, sitting on the victim's chest while the victim was being bound and gagged, and taking ten dollars from the apartment, established her community of purpose and belie her claims of innocence (see, People v Allah, 71 NY2d 830).

Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

Suppression of defendant's statements was properly denied. The initial questioning of defendant was not custodial, since defendant voluntarily accompanied the detectives to the precinct, and no reasonable person innocent of any crime would have believed he was in custody (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; People v Nova, 198 AD2d 193, lv denied 83 NY2d 808).

Later questioning by the police was custodial, but was properly preceded by Miranda warnings and waivers. After a five-hour break in police questioning, re-administration of Miranda warnings was not required since defendant had knowingly and intelligently waived those rights five hours earlier and had remained in continuous custody, in a non-coercive environment, during that period (see, People v Irizarry, 199 AD2d 180, lv denied 83 NY2d 872). Additionally, the detective's introductory statements to defendant were truthful, and were

not coercive nor likely to create a substantial risk that defendant would falsely incriminate herself (*see*, CPL 60.45; *People v Tarsia*, 50 NY2d 1).

Since the statements to the police were legally obtained, defendant's videotaped statement was not the product of an illegally obtained statement, and, in any event, no basis for suppression exists since it occurred after a "definite, pronounced break" in the questioning (*People v Chapple*, 38 NY2d 112, 115), and defendant was readvised of her *Miranda* rights by the Assistant District Attorney at the commencement of the videotape. Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.