■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SAKADINSKY, Appellant. [657 NYS2d 754] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 5, 1995, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement authorities and identification testimony.

Ordered that the judgment is affirmed.

The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession *(see, People v Sohn,* 148 AD2d 553, 556; *People v Woods,* 141 AD2d 588). The factors to be weighed include the duration and conditions of detention, the manifest attitude of the police towards the defendant, the existence of threat or inducement, and the age, physical state, and mental state of the defendant *(see, People v Leonard,* 59 AD2d 1, 12-13). Our consideration of the credible evidence in light of these factors compels the conclusion that the defendant's statement was voluntary.

Further, contrary to the defendant's contention, the People have no affirmative duty to investigate the psychiatric history of all potential prosecution witnesses *(see, People v Diaz,* 134 AD2d 445, 446). In this case, there was no showing of a reasonable likelihood that the psychiatric records in issue might contain material bearing on the reliability and accuracy of the witness's testimony so as to warrant an order directing the production of those records *(see, People v Gissendanner,* 48 NY2d 543, 550; *People v Knowell,* 127 AD2d 794).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.