■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YANIS ENCARNACION, Also Known as YANIS AVILES, Appellant. [687 NYS2d 315] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 21, 1997, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first and second degrees, and sentencing her to concurrent terms of 19 years to life, 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Any error in the admission of certain portions of the statements received as declarations against penal interest was

harmless (*People v Ayala*, 75 NY2d 422, 431-432; *see also*, *People v Maher*, 89 NY2d 456, 462-463), since this evidence did not serve to undermine defendant's defense.

The statements made by the victim at the hospital were properly received as excited utterances, since there was ample evidence to "justify the conclusion that the remarks were not made under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497).

The court properly instructed the jury on the standards to be utilized in determining the voluntariness of defendant's precinct statements. Readministration of the *Miranda* warnings after a 6-hour interval was unnecessary, since "defendant knowingly and intelligently waived those rights [initially] and had remained in continuous custody, in a non-coercive environment, during [the interval]" (*People v Shomo*, 235 AD2d 208, *lv denied* 89 NY2d 988). Accordingly, there was no reason to submit this issue to the jury as part of the voluntariness charge.

The court's charge conveyed the appropriate principles regarding the affirmative defense to felony murder. Given the facts of the case, the court sufficiently addressed the concept of reasonableness of a belief under Penal Law § 125.25 (3). Concur—Ellerin, P. J., Nardelli, Wallach and Rubin, JJ.