■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON KEMP, Appellant. [698 NYS2d 140] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [3]) and sexual abuse in the first degree (Penal Law § 130.65 [3]). Defendant contends that the *Miranda* warnings should have been repeated after a four-hour break in the interrogation. Defendant failed to raise that contention at the suppression hearing and thus has failed to preserve it for our review (*see,* CPL 470.05 [2]; *People v DiLenola*, 245 AD2d 1132; *People v Mota*, 243 AD2d 316, *lv denied* 91 NY2d 835). In any event, defendant's contention is without merit. " 'It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous' " (*People v Stanton*, 162 AD2d 987, *lv denied* 76 NY2d 991, quoting *People v Glinsman*, 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021; *see, People v Thomas*, 233 AD2d 347, *lv denied* 89 NY2d 1102; *People v Baker*, 208 AD2d 758, *lv denied* 85 NY2d 905).

The contention of defendant that his statements to police were involuntary or improperly obtained because he was in the throes of a diabetic reaction and was taking medication for a psychiatric condition is also unpreserved for our review (*see,* CPL 470.05 [2]; *People v DiLenola, supra*; *People v Mota, supra*; *People v Sutton*, 111 AD2d 197, *lv denied* 66 NY2d 768) and in

any event is lacking in merit. "[B]ased on the totality of the circumstances [citations omitted], including the duration and conditions of detention, the attitude of the police toward the defendant, and the age, physical state and mental state of the defendant" (*People v Baker, supra*, at 758-759; *see also, People v Sakadinsky*, 239 AD2d 443, *lv denied* 90 NY2d 897), we conclude that the People proved beyond a reasonable doubt that defendant's statements were voluntary. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Rape, 1st Degree.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.