■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DICKENS, Appellant. [702 NYS2d 925] —Appeal by the defendant, by permission, from an order of the County Court,

Nassau County (Calabrese, J.), dated February 1, 1999, which denied his motion pursuant to CPL 440.20 to modify the sentence to provide that the term of imprisonment imposed on the conviction of aggravated criminal contempt shall run concurrently with the terms of imprisonment imposed on the convictions of attempted assault in the second degree and criminal possession of a weapon in the third degree.

Ordered that the order is reversed, on the law, the motion is granted, and the term of imprisonment imposed on the conviction of aggravated criminal contempt shall run concurrently with the terms of imprisonment imposed on the convictions of attempted assault in the second degree and criminal possession of a weapon in the third degree.

As the People correctly concede, the court erred in imposing a term of imprisonment for aggravated criminal contempt which was to run consecutively to the term of imprisonment imposed for attempted assault in the second degree. The intent to cause physical injury was a material element of both crimes, and the crimes arose out of a single incident (*see, People v Laureano,* 87 NY2d 640, 643; *People v Williams,* 261 AD2d 424; Penal Law § 70.25 [2]). The Supreme Court imposed concurrent terms of imprisonment on the convictions of criminal possession of a weapon in the third degree and attempted assault in the second degree (*see, e.g., People v Hunt,* 266 AD2d 475; *People v Lyde,* 258 AD2d 669; *People v Reyes,* 239 AD2d 524). Because the terms of imprisonment on the convictions of attempted assault in the second degree and aggravated criminal contempt must run concurrently, the People's contention that the term of imprisonment on the conviction of aggravated criminal contempt should run consecutively to the term of imprisonment on the conviction of criminal possession of a weapon in the third degree is without merit. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.