◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY TOBIAS, Appellant. [711 NYS2d 652] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress the showup identification of defendant by the victim's wife. Defendant was apprehended in a vehicle that the police observed speeding from the crime scene, and the police conducted the showup at the crime scene approximately 20 minutes later. Although defendant was identified while wearing handcuffs, the evidence supports the determination of the suppression court that the identification procedure was not unduly suggestive (*see, People v Sanabria,* 266 AD2d 41, *lv denied* 94 NY2d 884; *see also, People v Becht,* 236 AD2d 792, *lv denied* 89 NY2d 1088, *cert denied* 522 US 887).

We reject the contention of defendant that his statement to the police should have been suppressed because eight hours elapsed between the time of his *Miranda* warnings and the time of his statement (*see, People v Baker,* 208 AD2d 758, *lv denied* 85 NY2d 905). Once *Miranda* warnings are issued to an individual in police custody and that individual voluntarily and intelligently waives his rights, repeated warnings are not required as long as questioning occurs within a reasonable time and the custody has remained continuous (*see, People v Kemp,* 266 AD2d 887; *People v Stanton,* 162 AD2d 987, *lv denied* 76 NY2d 991). Additionally, the court did not abuse its

discretion in refusing to admit in evidence the transcript of the Grand Jury testimony of a prosecution witness; defense counsel was permitted to read into the record the witness's inconsistent statements to the Grand Jury and the witness admitted making those statements (*see generally, People v Lugo,* 140 AD2d 715, 716, *lv denied* 72 NY2d 1047). Furthermore, the contention of defendant that he was deprived of *Brady* material has not been preserved for our review (*see, People v Brahney,* 239 AD2d 930, *lv denied* 91 NY2d 869), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant further contends that prosecutorial misconduct on summation deprived him of a fair trial. We disagree. By sustaining defense counsel's objection and giving a curative instruction, the court obviated any prejudice caused by comments of the prosecutor indicating that defendant had a burden of proof (*see generally, People v Andrews,* 267 AD2d 1071, *lv denied* 94 NY2d 916; *People v Chase,* 265 AD2d 844, 845-846, *lv denied* 94 NY2d 902). To the extent that other comments by the prosecutor on summation were inappropriate, they were not so egregious as to deprive defendant of a fair trial (*see, People v Roopchand,* 107 AD2d 35, 36-37, *affd* 65 NY2d 837).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.