■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRY LOSICCO, Respondent. [714 NYS2d 306] —Appeal by the People from (1) a resentence of the County Court, Westchester County (Smith, J.), imposed February 9, 1999, upon the defendant's conviction of murder in the second degree (three counts), robbery in the first degree (two counts), burglary in the first degree (three counts), assault in the second degree, grand larceny in the third degree, criminal possession of a weapon in the fourth degree (two counts), petit larceny, and criminal mischief in the fourth degree, and (2) an order of the same court, dated August 13, 1999, which denied their motion pursuant to CPL 440.40 to set aside the resentence.

Ordered that the resentence and the order are affirmed.

In 1981 the sentencing court, *inter alia,* imposed concurrent indeterminate terms of 25 years to life imprisonment for three counts of murder in the second degree and 8⅓ to 25 years imprisonment for three counts of burglary in the first degree. The sentencing court also imposed an indeterminate term of 2⅓ to 7 years imprisonment for assault in the second degree which was to run consecutively to the aforementioned terms of imprisonment. In 1997 the defendant moved pursuant to CPL 440.20 to vacate his sentence on the ground that the sentencing court erred in imposing a term of imprisonment on the

conviction of assault in the second degree under count twelve of the indictment which was to run consecutively to the term imposed on the conviction of burglary in the first degree under count seven of the indictment.

The County Court properly granted the defendant's motion and imposed concurrent terms of imprisonment on the convictions of assault in the second degree under count twelve and burglary in the first degree under count seven of the indictment in resentencing the defendant. Both charges were predicated on the defendant's single act of striking one victim (*see, People v Parks,* 95 NY2d 811; *People v Laureano,* 87 NY2d 640). Also, since the aforementioned terms of imprisonment imposed on the convictions of assault in the second degree and burglary in the first degree must run concurrently, the People's contention that the terms of imprisonment imposed on the convictions of assault in the second degree and murder in the second degree may run consecutively is without merit (*see,* Penal Law § 70.30 [1] [a]; *People v Dickens,* 269 AD2d 463). Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.