◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD CHATMAN, Appellant. [722 NYS2d 329] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury trial convicting him of murder in the second degree (Penal Law § 125.25 [2]) in connection with the contract killing of a person unknown to defendant. Defendant was 17 years old at the time of the murder. Defendant failed to challenge a prospective juror for cause on the ground that the prospective juror demonstrated a bias in favor of the testimony of police officers and thus failed to preserve for our review his contention that Supreme Court erred in denying his challenge for cause to the prospective juror on that ground (*see,*

CPL 470.05 [2]; *People v Wales,* 138 AD2d 766, 768, *lv denied* 72 NY2d 868). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The further contention of defendant that the court erred in denying his challenge for cause to that prospective juror on the ground that the prospective juror would not likely follow the court's charge with respect to burden of proof is without merit. The prospective juror stated unequivocally that he would not impose a burden of proof on defendant (*see, People v Schojan,* 272 AD2d 932, 933-934, *lv denied* 95 NY2d 871; *cf., People v Johnson,* 94 NY2d 600, 614-615; *People v Thorn,* 269 AD2d 756, 757), and the court's determination to deny the challenge for cause must be given due deference (*see, People v Hagenbuch,* 267 AD2d 948, *lv denied* 95 NY2d 797).

We reject the contention of defendant that the court erred in failing to suppress his statement on the ground that the police delayed filing the felony complaint and his arraignment in order to avoid the attachment of his right to counsel. Defendant was taken to the Public Safety Building at approximately 12:30 P.M. on September 27, 1997 and advised of his *Miranda* rights, which he waived. Defendant denied involvement in the crime and at approximately 2:50 P.M. he was taken to the booking office. Defendant was returned to an interrogation room at 8:30 P.M., where he waited alone until the investigators returned at 12:30 A.M. on September 28, 1997 and resumed questioning; defendant was not advised of his *Miranda* rights a second time. Defendant made inculpatory statements at approximately 3:00 A.M. A felony complaint was completed and filed when defendant was arraigned in Rochester City Court at 9:30 A.M. The suppression court took judicial notice of the fact that arraignments are conducted in Rochester City Court at 9:30 A.M., and determined that defendant therefore was arraigned at the earliest possible time after his arrest. We conclude that there is no indication of intentional or "unnecessary delay [in bringing defendant] * * * before a local criminal court and fil[ing] therewith an appropriate accusatory instrument charging him with the * * * offenses in question" (CPL 140.20 [1]; *see, People v Ortlieb,* 201 AD2d 865, *affd* 84 NY2d 989; *cf., People v Cooper,* 101 AD2d 1, 10-11).

Defendant further contends that the failure to advise him of his *Miranda* rights when the second round of questioning began rendered his statement involuntary. We disagree. Defendant had previously waived his rights and he remained in continuous custody in a non-coercive environment (*see, People*

*v Kemp,* 266 AD2d 887, *lv denied* 94 NY2d 921; *People v Encarnacion,* 259 AD2d 309, 310, *lv denied* 94 NY2d 862). The 9½ hour break in questioning is not unreasonable under the circumstances of this case (*see, People v Starks,* 139 AD2d 681, 682, *lv denied* 72 NY2d 925).

The prosecutor engaged in prosecutorial misconduct during his summation by stating that, in order to acquit defendant, the jurors would have to believe that the police witnesses lied (*see, People v Farmer,* 122 AD2d 801, 803-804) and in intimating that defendant tailored his testimony to conform to the proof (*see, People v Peck,* 272 AD2d 946, 947). We conclude, however, that the misconduct was not so egregious as to deny defendant a fair trial (*cf., People v Calabria,* 94 NY2d 519, 522-523). The remaining instances of alleged prosecutorial misconduct are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.