THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL LEFLORE, Appellant. [757 NYS2d 208] —Appeal from a judgment of Supreme Court, Monroe County (Fisher, J.), entered July 19, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2]), assault in the first degree (§ 120.10 [1]), and other offenses. Defendant contends that his statements to the police should have been suppressed because he was arrested without probable cause. We reject that contention. "Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" (*People v Oden,* 36 NY2d 382, 384 [1975]) and that the person arrested is the perpetrator (*see People v Carrasquillo,* 54 NY2d 248, 254 [1981]). The record of the suppression hearing establishes that, when the police

responded to the scene of the crime, witnesses described the suspect and the vehicle that he entered. The police observed a vehicle matching that description leaving the area, and the witnesses confirmed that the police had spotted the correct vehicle. The driver of that vehicle refused to stop and engaged the police in a high-speed chase that eventually ended when the police laid spikes on the road, puncturing the tires of the vehicle. When defendant exited the vehicle, the police observed that he matched the description of the suspect. Based on the record of the suppression hearing, we agree with Supreme Court that there was probable cause for defendant's arrest. Contrary to defendant's contention, the probable cause did not dissipate when a witness subsequently was unable to identify defendant at a showup (*cf. People v Hunt*, 155 AD2d 957, 958 [1989], *lv denied* 75 NY2d 814 [1990]). That witness was a part-owner of an establishment in the vicinity of the shooting. Although that witness was cooperative when the police first arrived, he was "less than cooperative" after learning that the police intended to close his establishment based on the incident. Furthermore, although that witness did not identify defendant as the suspect, another witness told the police that defendant "looked like" the suspect.

We reject the further contention of defendant that his statements should have been suppressed because he was not re-advised of his *Miranda* warnings before the police interrogated him. Although approximately 10 hours had elapsed from the time that he was initially advised of his *Miranda* rights until the time that he waived them and the police interrogation began, defendant "remained in continuous custody in a non-coercive environment" during that time and thus the police were not required to repeat the *Miranda* warnings (*People v Chatman*, 281 AD2d 964, 965 [2001], *lv denied* 96 NY2d 899 [2001]; *see People v Shomo*, 235 AD2d 208 [1997], *lv denied* 89 NY2d 988 [1997]; *People v Stanton*, 162 AD2d 987 [1990], *lv denied* 76 NY2d 991 [1990]). Contrary to the contention of defendant, he was not deprived of a fair trial by prosecutorial misconduct. The court's curative instructions with respect to that alleged misconduct alleviated any possible prejudice to defendant (*see People v Spina*, 275 AD2d 902, 903 [2000], *lv denied* 95 NY2d 969 [2000]). The sentence is not unduly harsh or severe.

In his pro se supplemental brief, defendant contends that the evidence is legally insufficient to support the conviction of murder in the second degree (Penal Law § 125.25 [2])and assault in the first degree (§§ 20.00, 120.10 [1]). Those conten-

tions are unpreserved for our review (*see People v Gray,* 86 NY2d 10, 19 [1995]) and, in any event, are lacking in merit. With respect to the murder count, the evidence, viewed in the light most favorable to the People, establishes that defendant acted recklessly but not intentionally when he fired a weapon several times through the back window of a vehicle, causing the death of one of the occupants (*see People v Sanchez,* 98 NY2d 373, 377-378 [2002]). With respect to the assault count, the evidence establishes that defendant acted in concert with another person and intentionally caused serious physical injury to one of the victims (*see People v Cordero-Vasquez,* 265 AD2d 857 [1999], *lv denied* 94 NY2d 878 [2000]; *People v Liguori,* 197 AD2d 538, 539 [1993], *lv denied* 82 NY2d 851 [1993]). Contrary to the contention of defendant, it is of no moment that his alleged accomplice was never charged with a crime in connection with this incident. The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his further contention that the court erred in informing the jury that he was in custody (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.