■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HAWKES, Also Known as KEITH GETTYS, Appellant. [834 NYS2d 415]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 15, 2004. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, unlawful imprisonment in the first degree (two counts), sodomy in the first degree, rape in the first degree, sexual abuse in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count each of sodomy in the first degree (Penal Law former § 130.50 [1]) and rape in the first degree (§ 130.35 [1]), and two counts each of sexual abuse in the first degree (§ 130.65 [1]) and assault in the second degree (§ 120.05 [2], [3]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of two counts of assault on the ground that the People failed to establish that the police officer suffered a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to the further contention of defendant, Supreme Court did not abuse its discretion in refusing to grant a mistrial based on the single reference to defendant's prior incarceration during the testimony of a police officer. The court instructed the jury to disregard the reference, and the jury is presumed to have followed that curative instruction (*see People v Ware*, 28 AD3d 1124, 1125 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Mims*, 278 AD2d 822, 823 [2000], *lv denied* 96 NY2d 832 [2001]).

Defendant failed to preserve for our review his further contention that the indictment was duplicitous (*see People v Bracewell*, 34 AD3d 1197, 1198 [2006]; *People v Raymo*, 19 AD3d 727, 728-729 [2005], *lv denied* 5 NY3d 793 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *cf. Bracewell*, 34 AD3d at 1198; *People v Comfort*, 31 AD3d 1110, 1111-1112 [2006], *lv denied* 7 NY3d 847 [2006]).

Defendant failed to object to the court's " 'ultimate' *Sandoval* ruling" and therefore also failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*People v O'Connor*, 19 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 831 [2005]; *see People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Englert*, 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]). "In any event, we conclude that the court properly exercised its discretion in determining 'whether the probative worth of evidence of other [convictions and the facts underlying those convictions] on the issue of defendant's credibility outweighs the risk of unfair prejudice to him' " (*O'Connor*, 19 AD3d at 1155, quoting *People v Pavao*, 59 NY2d 282, 292 [1983]).

We reject the further contention of defendant that his statements to the police should have been suppressed because he was not again advised of his *Miranda* rights before he voluntarily made statements to the police during a "long informal discussion" (*People v Rivers*, 56 NY2d 476, 479 [1982], *rearg denied* 57 NY2d 775 [1982]). Although approximately 14½ hours had elapsed from the time that defendant was advised of his *Miranda* rights until the time that he waived them and the informal discussion began, "defendant 'remained in continuous custody in a non-coercive environment' during that time and thus the police were not required to repeat the *Miranda* warnings" (*People v Leflore*, 303 AD2d 1041, 1042 [2003], *lv denied* 100 NY2d 563 [2003]; *see People v Chatman*, 281 AD2d 964, 965-966 [2001], *lv denied* 96 NY2d 899 [2001]; *People v Shomo*, 235 AD2d 208 [1997], *lv denied* 89 NY2d 988 [1997]; *People v Stanton*, 162 AD2d 987 [1990], *lv denied* 76 NY2d 991 [1990]). The sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of assault in the second degree under Penal Law § 120.05 (2), and it must therefore be amended to reflect that he was convicted under Penal Law § 120.05 (2) and (3) (*see People v Saxton*, 32 AD3d 1286 [2006]; *People v Benson*, 265 AD2d 814, 816 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.