■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMIR GEGA, Appellant. [904 NYS2d 716]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered May 16, 2006, convicting him of burglary in the first degree, robbery in the second degree (three counts), grand larceny in the second degree, unauthorized use of a vehicle in the first degree, conspiracy in the fourth degree, criminal possession of stolen property in the third degree, and conspiracy in the fifth degree, upon a jury verdict, and sentencing him, inter alia, to a determinate term of imprisonment of 25 years on the conviction

of burglary in the first degree under count 23 of the indictment, to run concurrently with determinate terms of imprisonment of 15 years imposed on each of the convictions of robbery in the second degree under counts 25 and 26 of the indictment, a determinate term of imprisonment of five years imposed on the conviction of grand larceny in the second degree under count 28 of the indictment, an indeterminate term of imprisonment of $2^{1}/_{2}$ to 7 years imposed on the conviction of unauthorized use of a vehicle in the first degree under count 30 of the indictment, an indeterminate term of imprisonment of 2 to 4 years imposed on the conviction of conspiracy in the fourth degree under count 33 of the indictment, an indeterminate term of imprisonment of $1^{1}/_{3}$ to 4 years imposed on the conviction of criminal possession of stolen property in the third degree under count 34 of the indictment, and a definite term of imprisonment of one year imposed on the conviction of conspiracy in the fifth degree under count 35 of the indictment, all to run consecutively to a determinate term of imprisonment of 15 years imposed on the conviction of robbery in the second degree under count 27 of the indictment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed upon the conviction of robbery in the second degree under count 27 of the indictment shall run concurrently with the terms of imprisonment imposed upon the convictions of robbery in the second degree under counts 25 and 26 of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his pretrial motion which was to

suppress statements he made to law enforcement officials after he was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). A court generally must look to the totality of the circumstances to determine the voluntariness of an inculpatory statement (*see People v Anderson*, 42 NY2d 35, 38 [1977]). The factors to be examined in determining the totality of the circumstances surrounding a defendant's confession include the duration and conditions of detention, the attitude of the police toward the defendant, and the age, physical state, and mental state of the defendant (*see People v Baker*, 208 AD2d 758, 758-759 [1994]; *People v McAvoy*, 142 AD2d 605 [1988]; *People v Ross*, 134 AD2d 298, 299 [1987]). "Where, as here, a person in police custody was issued *Miranda* warnings and waived those rights voluntarily and intelligently, 'it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous' " (*People v Petronio*, 34 AD3d 602, 604 [2006], quoting *People v Glinsman*, 107 AD2d 710, 710 [1985], *cert denied* 472 US 1021 [1985]). The record supports the Supreme Court's determination that, under the circumstances here, the defendant's statements, made 25 hours after last receiving his *Miranda* warnings, were not involuntary (*see People v Petronio*, 34 AD3d at 604; *People v Glinsman*, 107 AD2d at 710; *cf. People v Zappulla*, 282 AD2d 696 [2001]).

The defendant was not deprived of his right to a fair trial by the prosecutor's comments during summation. Although the prosecutor's reference to the terrorist attacks of September 11, 2001, should have been avoided, it was not so inflammatory or prejudicial as to warrant reversal (*see People v Esquivel*, 46 AD3d 394 [2007]). The defendant's challenges to the remaining comments are unpreserved for appellate review because the defense made only a general objection, failed to request curative instructions, and did not timely move for a mistrial on these grounds (*see* CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953 [1981]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Norman*, 40 AD3d 1130, 1131 [2007]). In any event, the comments alleged to be prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105-109 [1976]), or harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that the trial court erred in failing to give the requested jury charge is " 'unpreserved for appellate review as the defense counsel waived any objection by acquiescing to the charge as given' " (*People v Cox*, 54 AD3d 684, 685 [2008], quoting *People v James*, 35 AD3d 762, 762 [2006]; *see* CPL 470.05 [2]). In any event, the charge as given

sufficiently apprised the jury it was to render a verdict separately and specifically upon each count and with respect to each defendant (*see* CPL 300.10 [4]; *People v Liguori*, 197 AD2d 538, 539 [1993]; *People v Scott*, 158 AD2d 725 [1990]).

To the extent that the defendant argues that he was deprived of the effective assistance of counsel based on his attorney's recent application for employment with the district attorney's office, as well as his attorney's failure to obtain his consent before agreeing to allow the People to amend the indictment, his argument is based on matter dehors the record, and cannot be reviewed on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998, 1000 [1982]). To the extent that the claim may be reviewed, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Alvarenga*, 25 AD3d 560, 561 [2006]; *People v McFarlane*, 243 AD2d 733 [1997]; *People v Jefferson*, 156 AD2d 716 [1989]).

However, under Penal Law § 70.25 (2), the People failed to establish that the act constituting the use or threatened use of immediate physical force with respect to the charge of robbery in the second degree in violation of Penal Law § 160.10 (3) was separate and distinct from the act constituting the use or threatened use of immediate physical force with respect to the charges of robbery in the second degree in violation of Penal Law § 160.10 (1) and (2) (a) (*see People v Ramirez*, 89 NY2d 444, 452-453 [1996]; *People v Losicco*, 276 AD2d 565, 566 [2000]). As such, the Supreme Court should have directed that the sentence imposed on the conviction of robbery in the second degree in violation of Penal Law § 160.10 (3) under count 27 of the indictment was to run concurrently with the sentence imposed on the convictions of robbery in second degree in violation of Penal Law § 160.10 (1) and (2) (a) under counts 25 and 26 of the indictment, respectively (*see People v Ramirez*, 89 NY2d at 453; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Losicco*, 276 AD2d at 566; *cf. People v Rivera*, 60 AD3d 788, 790-791 [2009], *mod* 15 NY3d 207 [2010]; *People v Smith*, 46 AD3d 583 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Covello, Balkin and Hall, JJ., concur.