Contrary to the defendant’s contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials after he was advised of his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]). A court generally must look to the totality of the circumstances to determine the voluntariness of an inculpatory statement (see People v Anderson, 42 NY2d 35, 38 [1977]; People v Gega, 74 AD3d 1229, 1230-1231 [2010]). “The factors to be examined in determining the totality of the circumstances surrounding a defendant’s confession include the duration and conditions of detention, the attitude of the police toward the defendant, and the age, physical state, and mental state of the defendant” (People v Gega, 74 AD3d at 1230-1231; see People v Baker, 208 AD2d 758, 758-759 [1994]). “Where, as *786 here, a person in police custody was issued Miranda warnings and waived those rights voluntarily and intelligently, ‘it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous’ ” (People v Petronio, 34 AD3d 602, 604 [2006], quoting People v Glinsman, 107 AD2d 710, 710 [1985]). The record supports the Supreme Court’s determination that, under the circumstances presented here, the defendant’s statements were not involuntary (see People v Gega, 74 AD3d at 1230-1231; People v Petronio, 34 AD3d at 604; People v Glinsman, 107 AD2d at 710; cf. People v Zappulla, 282 AD2d 696 [2001]).
However, the defendant is entitled to be resentenced. Certain remarks made by the Supreme Court demonstrate that it improperly considered the crime of which the defendant was acquitted as a basis for sentencing (see People v Grant, 94 AD3d 1139, 1141-1142 [2012]; People v Pacquette, 73 AD3d 1088 [2010]; People v Romero, 71 AD3d 795 [2010]; People v Schrader, 23 AD3d 585 [2005]; People v Santiago, 277 AD2d 258, 259 [2000]).
The defendant’s contention that the sentence imposed was excessive need not be reached in light of our determination.
The defendant’s challenge to the admission of certain photographs is unpreserved for appellate review.
The defendant’s contention that he received ineffective assistance of counsel is without merit. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.