■ The People of the State of New York, Respondent, v Maurice Hall, Appellant. [44 NYS3d 102]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 19, 2013, convicting him of murder in the first degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials after he was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). "A court generally must look to the totality of the circumstances to determine the voluntariness of an inculpatory statement" (*People v Brown*, 113 AD3d 785, 785 [2014]). "The factors to be weighed include the duration and conditions of detention, the manifest attitude of the

police towards the defendant, the existence of threat or inducement, and the age, physical state, and mental state of the defendant" (*People v Sakadinsky*, 239 AD2d 443, 443 [1997]). "Where . . . a person in police custody was issued *Miranda* warnings and waived those rights voluntarily and intelligently, 'it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous' " (*People v Petronio*, 34 AD3d 602, 604 [2006], quoting *People v Glinsman*, 107 AD2d 710, 710 [1985]). The record supports the court's determination that, under the circumstances presented here, the defendant's statements were not involuntary (*see People v Gega*, 74 AD3d 1229, 1231 [2010]; *People v Petronio*, 34 AD3d at 604; *People v Dishaw*, 30 AD3d 689, 690 [2006]; *People v Foster*, 193 AD2d 692, 693 [1993]; *People v Abreu*, 184 AD2d 707 [1992]; *cf. People v Zappulla*, 282 AD2d 696, 697-698 [2001]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to his adjudication as a second violent felony offender is unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Wolmart*, 140 AD2d 733 [1988]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.