People v Waters (2018 NY Slip Op 02191)





People v Waters


2018 NY Slip Op 02191


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2015-03887
 (Ind. No. 1640-11)

[*1]The People of the State of New York, respondent,
v
Robert Waters, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Fernando Camacho, J.), rendered April 15, 2015, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (William J. Condon, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that the People failed to establish that his statements to the police were made voluntarily after he was advised of his Miranda rights (see Miranda v Arizona, 384 US 436), is unpreserved for appellate review because it was not raised by defense counsel in support of the defendant's suppression motion before the hearing court (see CPL 470.05[2]; People v Vasquez, 66 NY2d 968, 970; People v Jackson, 105 AD3d 866, 868; People v Nadal, 57 AD3d 574, 574-575). In any event, the evidence at the suppression hearingestablished that the defendant was advised of his Miranda rights and that he knowingly, voluntarily, and intelligently waived them (see Miranda v Arizona, 384 US 436; People v Hall, 145 AD3d 915, 916; People v Brown, 113 AD3d 785, 785; People v Gega, 74 AD3d 1229, 1231).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The People offered expert testimony to rebut the testimony of the defense expert that, due to a mental disease or defect, the defendant lacked substantial capacity to know or appreciate the nature and consequences of his conduct, or that his conduct was wrong when he committed the crimes (see People v Noll, 82 AD3d 1266, 1266-1267; People v Trojan, 73 AD3d 818, 819; People v Hill, 276 AD2d 716, 716). The trial court's rejection of the defendant's affirmative defense of extreme emotional disturbance was not against the weight of the evidence, as there was no evidence either that the defendant was acting under the influence of an extreme emotional disturbance at the time of the commission of the crime or that a reasonable explanation or excuse existed for any alleged emotional disturbance (see People v Diaz, 15 NY3d 40, 45; People [*2]v Roche, 98 NY2d 70, 75-76; People v Colon, 142 AD3d 1100, 1101; People v Kwas, 96 AD3d 877, 878).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court