People v Lewis (2018 NY Slip Op 06940)





People v Lewis


2018 NY Slip Op 06940


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03200
 (Ind. No. 1384/15)

[*1]The People of the State of New York, respondent,
v
Quincy R. Lewis, appellant.


Stephen R. Mahler, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Cristin N. Connell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered March 10, 2017, convicting him of robbery in the first degree (two counts), robbery in the second degree, burglary in the first degree (two counts), burglary in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Teresa K. Corrigan, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of two counts of robbery in the first degree and other crimes based upon, among other things, statements he made to the police while in custody on an unrelated incident, the testimony of a cooperating witness, and DNA evidence that was retrieved from the getaway car in which the perpetrators of the subject crimes had fled on the night in question.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials after he was advised of his Miranda rights (see Miranda v Arizona, 384 US 436). "A court generally must look to the totality of the circumstances to determine the voluntariness of an inculpatory statement" (People v Brown, 113 AD3d 785, 785). "The factors to be weighed include the duration and conditions of detention, the manifest attitude of the police towards the defendant, the existence of threat or inducement, and the age, physical state, and mental state of the defendant" (People v Sakadinsky, 239 AD2d 443, 443). "Where . . . a person in police custody was issued Miranda warnings and waived those rights voluntarily and intelligently, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous'" (People v Petronio, 34 AD3d 602, 604, quoting People v Glinsman, 107 AD2d 710, 710). The record supports the court's determination that, under the circumstances presented here, the defendant's statements were voluntary (see People v Golden, 149 AD3d 777; People v Hall, 145 AD3d 915, 915-916; People v Petronio, 34 AD3d at 604; People v Glinsman, 107 AD2d at 710).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court