People v White (2022 NY Slip Op 06726)

People v White

2022 NY Slip Op 06726

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13195
 (Ind. No. 757/17)

[*1]The People of the State of New York, respondent,
v
Neil White, appellant.

Jeffrey P. Scaggs, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered October 3, 2019, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree based upon, among other things, statements that he made to the police while in custody and medical evidence.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress statements that he made to law enforcement officials after he was advised of his Miranda rights (see Miranda v Arizona, 384 US 436). "A court generally must look to the totality of the circumstances to determine the voluntariness of an inculpatory statement" (People v Brown, 113 AD3d 785, 785). "The factors to be weighed include the duration and conditions of detention, the manifest attitude of the police towards the defendant, the existence of threat or inducement, and the age, physical state, and mental state of the defendant" (People v Sakadinsky, 239 AD2d 443, 443). The record supports the court's determination that, under the circumstances presented here, the defendant's statements were voluntary (see People v Lewis, 165 AD3d 979; People v Golden, 149 AD3d 777; People v Hall 145 AD3d 915).
It was not an improvident exercise of the County Court's discretion to permit the People to recall their expert witness to address an issue raised during cross-examination of a police officer, particularly since the People had not rested at the time the expert was recalled (see People v Rabanal, 139 AD3d 758; People v Brown, 111 AD3d 1385; People v Rostick, 244 AD2d 768).
The defendant's contention that a 20-second "love you video" from the mother to the deceased child victim improperly appealed to the jury's sympathy is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the short 20-second video was properly admitted as it tended to establish the time line of events on the day that the victim was killed and was material to [*2]establishing the defendant's consciousness of guilt (see People v Pobliner, 32 NY2d 356; People v Sims, 110 AD2d 214).
The sentence imposed was not excessive (see People v Suite, 90 AD2d 80).
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court