■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BRIMAGE, Appellant. [631 NYS2d 2] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 27, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The jury's verdict was not based on insufficient evidence, nor was it against the weight of the evidence (People v Bleakley, 69 NY2d 490). Factors affecting the reliability of the identifications made by the undercover and "ghost" officers, such as lighting conditions, were properly presented to the jury for its consideration, and we see no reason to disturb its findings (People v Diaz, 197 AD2d 379, lv denied 82 NY2d 893).

When the hearing court suppressed physical evidence recovered from defendant, it was under no duty to concomitantly suppress identification testimony, absent a specific request by defendant. Although defendant's written omnibus motion included a clause requesting suppression of identification testimony on Fourth Amendment grounds, defendant abandoned that issue by failing to call it to the court's attention at the

hearing *(see, People v Rodriguez,* 50 NY2d 553). Moreover, the Fourth Amendment issues in this case regarding physical evidence and identification were not identical, since a suspect may be detained for identification on a lesser showing than probable cause *(People v Hicks,* 68 NY2d 234). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Williams, JJ.