■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. COSTANZA, Appellant. [665 NYS2d 487] —Judgment unanimously reversed on the law, plea vacated and matter

remitted to Genesee County Court for further proceedings on the indictment. Memorandum: In pleading guilty to attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), defendant admitted that he entered a liquor store and displayed a revolver in an unsuccessful attempt to obtain money from the clerk. During the allocution, the prosecutor conceded that the revolver was unloaded when it was recovered. Here, the general inquiry of County Court whether defendant had any defenses did not satisfy its duty to insure that defendant was aware of a possible affirmative defense if he could show that the weapon was unloaded at the time of the crime and that he was knowingly and voluntarily waiving that defense. "[I]t is an affirmative defense [to a charge of attempted first degree robbery] that * * * [the gun] was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]; *see, People v Costanza*, 226 AD2d 1114, 1114-1115). Because the plea allocution raised a possible defense, the court, before accepting the plea, was required to make further inquiry to assure itself that defendant was waiving the defense (*see, People v Lopez*, 71 NY2d 662, 666; *People v Mosher*, 222 AD2d 1034; *People v Braman*, 136 AD2d 382, 384, *lv denied* 72 NY2d 911). If the court fails in that duty and accepts the plea without further inquiry, defendant may challenge the sufficiency of the allocution on direct appeal, despite his failure to move to withdraw the plea or vacate the judgment (*see, People v Lopez, supra,* at 666; *People v Simone*, 179 AD2d 694, 695; *see also, People v Sobczak*, 105 AD2d 1053, 1054).

The fact that defendant was not obliged to admit to the facts underlying the crime because he was pleading guilty to a lesser offense (*see, People v Moore*, 71 NY2d 1002, 1005) is of no moment. Once the court was put on notice that defendant might have an affirmative defense to the crime to which he was pleading guilty, the court was obliged "to insure that, in pleading guilty, [defendant] * * * knowingly waived that defense" (*People v Braman, supra,* at 385).

Finally, because the only admission of defendant at the allocution was that he "attempted to secure money from the clerk," the allocution does not support a conviction of robbery in the second degree (Penal Law § 160.10), a class C felony, but, at most, supports a conviction of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10), a class D felony. (Appeal from Judgment of Genesee County Court, Morton, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.