■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. DILENOLA, Appellant. [667 NYS2d 535] —Judgment

unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (Penal Law § 215.40 [2]). Although defendant contends that his videotaped confession should have been suppressed, that evidence was not introduced at trial and did not contribute to defendant's conviction. Defendant abandoned a pretrial motion to suppress evidence of a conversation with his aunt overheard by the police. He did not obtain a judicial determination of that motion and did not object when the People presented proof of that conversation at trial, and he used the conversation as the cornerstone of his defense that he did not kill the victim intentionally. "[C]ourts are loath to second-guess a litigant's 'highly judgmental function' of deciding when and to what end to assert a right or to forego reliance on it" (*People v Rodriguez*, 50 NY2d 553, 557-558). In any event, we reject the contention of defendant that the conversation was privileged (*see, People v Harrell*, 87 AD2d 21, *affd* 59 NY2d 620; *Matter of A. & M.*, 61 AD2d 426). No privilege may attach to "communications made in the presence of [a] third part[y], whose presence is known to the defendant" (*People v Harris*, 57 NY2d 335, 343, *cert denied* 460 US 1047; *see, People v Tesh*, 124 AD2d 843, 844, *lv denied* 69 NY2d 750). Furthermore, the contention that admissions made during that conversation were the fruit of prior illegal police conduct was not preserved for our review by appropriate argument at the suppression hearing (*see,* CPL 470.05 [2]; *People v Mota*, 243 AD2d 316; *People v Brimage*, 214 AD2d 454, *lv denied* 86 NY2d 732; *People v Sutton*, 111 AD2d 197, *lv denied* 66 NY2d 768).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct. Defense counsel did not object to several instances of the alleged misconduct, thereby failing to preserve those instances for our review (*see,* CPL 470.05 [2]). In any event, we conclude that none of the alleged instances of misconduct was so egregious as to have denied defendant a fair trial (*see, People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.