■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BROWN, Appellant. [726 NYS2d 263] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered December 5, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant waived his right to a hearing on his motion to suppress the identification testimony of the undercover officer when defendant proceeded to trial without calling to the court's attention the fact that the previously granted hearing had not been held (*see, People v Rodriguez*, 50 NY2d 553; *People v Di Lenola*, 245 AD2d 1132, *lv denied* 91 NY2d 1006; *People v Brimage*, 214 AD2d 454, *lv denied* 86 NY2d 732). While defendant claims he was deprived of effective assistance of counsel because his attorney failed to pursue the suppression, it is impossible on the existing record to determine the reason for the abandonment and thus a CPL 440.10 motion would be required. To the extent the existing record permits review, we conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). There is no

reason to believe that the suppression motion had any likelihood of success.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.