■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BATICE BOYCE, Appellant. [751 NYS2d 30] —Judgment, Supreme

Court, Bronx County (Alexander Hunter, J., at suppression hearing; Margaret Clancy, J., at jury trial and sentence), rendered June 8, 2001, convicting defendant of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The trial court properly admitted cash recovered from defendant's person notwithstanding defendant's objection that no mention of the cash had been made at the pretrial suppression hearing. Defendant had moved to suppress both drugs and cash, but proceeded to trial without calling either the hearing or trial court's attention to the fact that there was no hearing testimony about the recovery of the cash. Accordingly, defendant acquiesced in the hearing court's failure to address that issue (*see People v Rodriguez*, 50 NY2d 553; *People v Brown*, 284 AD2d 191, *lv denied* 96 NY2d 916; *People v Brimage*, 214 AD2d 454, *lv denied* 86 NY2d 732). In any event, the trial court's decision to admit the cash into evidence could not have caused defendant any prejudice. Probable cause for the arrest had been established at the hearing, at which the court had denied suppression of the drugs, and defendant conceded, in his arguments before the trial court, that the only suppression issue was probable cause for the arrest. Similarly, on appeal, defendant has not established any basis under which he might have been entitled to suppression of the cash but not the drugs. Even assuming that the circumstances may have warranted reopening the hearing for the purpose of taking testimony about the cash (*cf. People v Whipple*, 97 NY2d 1), defendant specifically opposed any reopening. Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.