■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARRETT SMITH, Appellant. [755 NYS2d 834] —Judgment, Supreme Court, New York County (Renee White, J., on severance motion; John Bradley, J., at jury trial and sentence), rendered April 10, 2001, convicting defendant of attempted murder in the second degree (three counts), assault in the first degree, attempted assault in the first degree (two counts), assault in the second degree, robbery in the first degree (two counts), robbery in the second degree (four counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 50 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. Defendant's intent to kill the victims of the November 25, 1999 robbery could be reasonably inferred from the totality of the evidence, including the fact that either defendant or the person with whom he was acting in concert fired shots from a short distance at the two victims, who were fleeing side by side at the time of the shooting, and thus wounded one of the victims (see People v Peets, 286 AD2d 624 [2001], lv denied 97 NY2d 686 [2001]). Moreover, one of the robbers made homicidal threats to the victims during the robbery.

The motion court properly exercised its discretion in denying defendant's severance motion. The counts relating to the two incidents were properly joined pursuant to CPL 200.20 (2) (c), and defendant did not make a sufficient showing to warrant a discretionary severance (*see* CPL 200.20 [3]; *People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.