■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WARRICK, Appellant. [782 NYS2d 174]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered January 11, 2001. The judgment convicted defendant, after a nonjury trial, of assault in the second degree, criminal mischief in the second degree, attempted escape in the second degree, obstructing governmental administration in the second degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Following a bench trial, defendant was convicted of crimes arising from his harassment and subsequent assault of a police officer and his attempted escape from that officer. Contrary to the contentions of defendant, the verdict convicting him of harassment in the second degree (Penal Law § 240.26 [1]) and assault in the second degree (§ 120.05 [3]) is

not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's challenge to the legal sufficiency of the evidence supporting the conviction of those crimes is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Defendant further contends that his stop and detention were illegal and that County Court therefore erred in denying his pretrial motion seeking suppression of his statements to police insofar as his motion was based on that ground. In denying defendant's pretrial motion, however, the court did not rule on the legality of defendant's stop and detention, nor did defendant seek a pretrial ruling on the legality of his stop and detention. In addition, defendant failed to object when the statements were introduced at trial. We therefore conclude that defendant abandoned that part of his pretrial motion challenging the legality of his stop and detention (*see People v Boccaccio*, 288 AD2d 898 [2001]; *see also People v Brown*, 284 AD2d 191 [2001], *lv denied* 96 NY2d 916 [2001]; *People v DiLenola*, 245 AD2d 1132 [1997]).

Finally, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.