■ In the Matter of DONALD DU BOIS, Petitioner, v ANTHONY ZON, as Superintendent of Wende Correctional Facility, Respondent. [788 NYS2d 899]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Christopher J. Burns, J.], entered May 6, 2004) to review a determination of respondent. The determination found after a Tier II hearing that petitioner had violated various inmate rules.

It is hereby ordered that said proceeding be and the same hereby is unanimously dismissed without costs as moot (*see Matter of Free v Coombe*, 234 AD2d 996 [1996]). Present— Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID P. TRAPP, Appellant. [788 NYS2d 774]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered October 26, 2001. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea allocution was factually insufficient because County Court failed to obtain a waiver of the defense of mental disease or defect. Nothing in the plea allocution raised the possibility of that defense (*cf. People v Lopez*, 71 NY2d 662, 666-668 [1988]; *People v Costanza*, 244 AD2d 988, 989 [1997]) and, indeed, defendant specifically denied that he had any mental disability that would affect his ability to enter a voluntary plea of guilty. We therefore conclude that defendant's contention does not fall within the rare case exception to the preservation rule (*see Lopez*, 71 NY2d at 666). The sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.