■ The People of the State of New York, Respondent, v James Berry, Appellant. [788 NYS2d 849]—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 11, 2001, convicting defendant, after a jury trial, of attempted murder in the second degree (three counts), assault in the first and second degrees, attempted assault in the first degree (two counts), robbery in the first degree (two counts), robbery in the

second degree (four counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 35 years, unanimously affirmed.

Defendant's challenges to the sufficiency of the evidence are similar to arguments rejected by this Court on the codefendant's appeal (*People v Smith*, 303 AD2d 247 [2003], *lv denied* 100 NY2d 587 [2003]), and there is no reason to reach a different conclusion.

Defendant's ineffective assistance claim would require a CPL 440.10 motion in order to expand the record as to counsel's reasons for not filing pretrial motions (*see People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication that any suppression, severance or other motions would have had any chance of success.

Defendant failed to preserve his claim that the charges relating to the two separate events should have been severed, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it on the same grounds upon which we rejected the codefendant's similar claim (*People v Smith*, 303 AD2d at 248).

Defendant abandoned his pro se suppression motion by failing to call the court's attention to the fact that it remained unresolved (*see e.g. People v Brimage*, 214 AD2d 454 [1995], *lv denied* 86 NY2d 732 [1995]). In any event, the motion was untimely (CPL 255.20) and facially insufficient (CPL 710.60 [1]), and there is no indication that it was ever adopted by defendant's attorney (*see People v Rodriguez*, 95 NY2d 497, 501-503 [2000]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ.