■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTIN RODRIGUEZ, Appellant. [850 NYS2d 26]—

Judgments, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 24, 2005, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him to a term of 11 years, and also convicting him, upon his plea of guilty, of violation of probation, and sentencing him to a concurrent term of one year, unanimously affirmed.

Defendant did not preserve his Confrontation Clause claim. At trial, defendant did not make any kind of objection to testimony that after the codefendant assisted an officer in locating the weapons used in the crime, the codefendant told the officer those were the firearms "they" had buried in the snow. On appeal, defendant asserts that he preserved this issue by making a severance motion, in which he alleged that admission of the codefendant's oral, written and videotaped statements against the codefendant at a joint trial would violate defendant's right of confrontation, citing *Bruton v United States* (391 US 123 [1968]). Even if we were to construe the severance motion as asserting that every one of the codefendant's statements, including the one at issue, would violate defendant's right of confrontation if received at either a joint or separate trial, we would conclude that, in order to preserve the issue, defendant was obligated to make this objection before the trial court. "Orderly and fair procedure requires that the trial court be given timely and adequate opportunity to rule on and explain claims in the context of the trial and trial record which has relevance to the issue advanced." (*People v Walker*, 71 NY2d 1018, 1020 [1988].) Defendant made his successful severance motion before a different justice, many months prior to trial. There is no indication that defendant ever alerted the trial court to the existence or contents of the motion. Furthermore, the motion court had granted severance on the separate ground of antagonistic defenses, and never ruled on the admissibility of any evidence. Therefore, even if the motion could be deemed to have sought preclusion of evidence, the motion court left that issue unresolved, and defendant abandoned it (*see People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Brimage*, 214 AD2d 454 [1995], *lv denied* 86 NY2d 732 [1995]).

We decline to review this unpreserved claim in the interest of justice. Were we to review it, we would find that the evidence was not testimonial (*see Davis v Washington*, 547 US 813 [2006]; *Crawford v Washington*, 541 US 36 [2004]), because, to the extent that there was any police interrogation, the declarations were made "under circumstances objectively

indicating that the primary purpose of the interrogation [was] to enable police assistance to meet an ongoing emergency" (*Davis*, 547 US at 822) that had not abated. The ongoing emergency consisted of the presence of loaded firearms at a playground. Even after locating two weapons, the officer needed to confirm that no other weapons were present (*see People v Nieves-Andino*, 9 NY3d 12, 15-16 [2007]; *People v Bradley*, 8 NY3d 124, 127-128 [2006]). In any event, any error in this regard was harmless beyond a reasonable doubt in light of the overwhelming direct and circumstantial evidence of defendant's guilt.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). To the extent that defendant is claiming that the procedure by which the court arrived at its ruling was defective, that claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit, and, further, that any claimed error would have been harmless. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.