■ In the Matter of BILLY R., a Person Alleged to be a Juvenile Delinquent, Appellant. [863 NYS2d 671]—Order of disposition, Family Court, Bronx County (Juan M. Merchan, J.), entered on or about July 23, 2007, which adjudicated appellant a juvenile delinquent, upon her admission that she committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, and placed her with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

Appellant abandoned that portion of her suppression motion that sought a *Mapp/Dunaway* hearing when she failed to call the court's attention to the fact that this aspect of the motion remained unresolved (*see People v Berry*, 15 AD3d 233 [2005], *lv denied* 4 NY3d 883 [2005]). The court never denied this branch of the motion; rather, it made other rulings regarding the search warrant, whereupon appellant entered an admission without asking the court to rule on the outstanding branch of the motion. In this situation, the court's failure to make a ruling is not deemed a denial (*see e.g. People v Brimage*, 214 AD2d 454 [1995], *lv denied* 86 NY2d 732 [1995]).

The court properly denied the branch of the suppression seeking a hearing pursuant to *People v Darden* (34 NY2d 177 [1974]), since probable cause could be established through the observations made by a detective, without resort to information received from a confidential informant (*see People v Edwards*, 95 NY2d 486, 493 [2000]). Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.