■ The People of the State of New York, Respondent, v Brian Masterson, Appellant. [871 NYS2d 534]—

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of six counts of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that he was denied effective assistance of counsel. To the extent that the contention of defendant survives his guilty plea and valid waiver of the right to appeal (*see generally People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that it lacks merit. The record establishes that defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]). According to defendant, the plea allocution was factually insufficient based on the alleged applicability of the affirmative defense that the handgun used in the robberies "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]). Nothing in the plea allocution raised the possibility that the affirmative defense was applicable (*see People v Trapp*, 15 AD3d 916 [2005], *lv denied* 4 NY3d 891 [2005]; *People v Costanza*, 244 AD2d 988 [1997]), however, and thus defendant's contention does not fall within the rare case exception to the preservation rule (*see Lopez*, 71 NY2d at 666). Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Smith, Green and Pine, JJ.