THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GARRETT, Appellant. [876 NYS2d 580]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered January 9, 2006. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [3]). Defendant failed to preserve for our review his challenge to the voluntariness of the plea inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Kuras*, 49 AD3d 1196, 1197 [2008], *lv denied* 10 NY3d 866 [2008]; *People v Lacey*, 49 AD3d 1259 [2008], *lv denied* 10 NY3d 936 [2008]). Defendant contends

that this case falls within the narrow exception to the preservation doctrine set forth in *People v Lopez* (71 NY2d 662, 666 [1988]) because County Court failed to conduct a sufficient inquiry on the issues whether defendant was on medication at the time of the plea and whether he had an intoxication defense, to ensure that the plea was knowingly, voluntarily, and intelligently entered. We conclude, however, that the court had no duty to conduct such an inquiry inasmuch as "nothing in the plea allocution cast significant doubt on defendant's guilt or otherwise called into question the voluntariness of the plea," and thus the narrow exception to the preservation doctrine does not apply (*Lacey*, 49 AD3d at 1260; *see generally Lopez*, 71 NY2d at 666; *People v Maysonet*, 38 AD3d 1330 [2007], *lv denied* 9 NY3d 847 [2007]). When the court asked defendant during the plea colloquy if he had any physical or mental problems, defendant responded "[n]ah." As the court noted, defendant's responses during the plea allocution established that defendant understood the terms and consequences of the plea (*see generally People v Forshey*, 298 AD2d 962, 963 [2002], *lv denied* 99 NY2d 558, 100 NY2d 561 [2002]). On appeal, defendant relies solely on information in the presentence report that he was prescribed an antidepressant four years before his commission of the offense in question, and that he reported to the probation officer that he was high on marihuana at the time of the offense. We note, however, that there was no statement in the presentence report that defendant's marihuana use at the time of the offense rendered defendant unable to form the intent necessary for the commission of the offense (*see People v Jordan*, 292 AD2d 860 [2002], *lv denied* 98 NY2d 698 [2002]). Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.