■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR R. ROSADO, Appellant. [894 NYS2d 703]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 16, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his plea was not voluntarily entered because County Court erred in failing to conduct

a sufficient inquiry during the plea colloquy with respect to whether defendant had consumed any drugs or medication on that day. Defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Garrett*, 60 AD3d 1389 [2009]), and the narrow exception to the preservation doctrine does not apply with respect to defendant's contention (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Defendant denied having any physical or mental problems that would impair his ability to understand the plea proceedings, and "defendant's responses during the plea allocution established that defendant understood the terms and consequences of the plea" (*Garrett*, 60 AD3d at 1390).

In addition, defendant challenges the factual sufficiency of the plea allocution based on the court's failure to question him on the issue whether the shotgun used during the robbery was loaded. That challenge, however, is encompassed by defendant's valid waiver of the right to appeal (*see People v Daniels*, 59 AD3d 943 [2009], *lv denied* 12 NY3d 852 [2009]). In any event, defendant also failed to preserve that challenge for our review, and the narrow exception to the preservation doctrine does not apply with respect thereto (*see Lopez*, 71 NY2d at 665-666). Although it is an affirmative defense to robbery in the first degree that the weapon in question was not loaded (*see* Penal Law § 160.15 [4]), "[n]othing in the plea allocution raised the possibility that the affirmative defense was applicable" (*People v Masterson*, 57 AD3d 1443 [2008]).

Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Centra, Fahey and Green, JJ.