■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STARLIN NUNEZ, Appellant. [911 NYS2d 50]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 30, 2008, as amended April 23, 2008, convicting defendant, upon his plea of guilty, of attempted conspiracy in the second degree and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

The sentencing court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea, after affording him a full opportunity to present his claims in writing. Although it denied the motion on the written submissions, it also effectively permitted defendant to supplement it with an oral statement at sentencing, after which the court adhered to its prior decision. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]).

The record establishes that the plea was knowing, intelligent and voluntary. Defendant's claim that his plea resulted from threats from his codefendants was vague and unsubstantiated,

504

and even if his assertions are accepted as true, they are insufficient to demonstrate that his plea was involuntary (*see People v Baret*, 11 NY3d 31 [2008]). Moreover, defendant's claims of coercion and innocence were contradicted by his detailed plea allocution. On appeal, defendant seeks to substantiate his coercion claims by citing to the violent propensities of one or more of his codefendants, and evidence that early in the pendency of the case the People wished to keep the defendants separated for security reasons. However, this information was not included in the plea withdrawal motion, and it primarily involved proceedings before a different justice that were not necessarily within the sentencing court's knowledge (*cf. People v Rodriguez*, 47 AD3d 406, 407 [2008], *lv denied* 10 NY3d 770 [2008]). In any event, this additional information still does not substantiate any claim of coercion. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.