# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**827**

**KA 10-01120**

PRESENT: SMITH, J.P., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

RONALD F. GAST, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (J. MICHAEL MARION OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 15, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree and attempted forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]) and attempted forgery in the second degree (§§ 110.00, 170.10 [1]). Defendant contends that reversal is required because Supreme Court failed to make a sufficient inquiry whether defendant's alleged lack of necessary medication affected his ability to enter a knowing, voluntary and intelligent plea. Although defendant's contention survives his valid waiver of the right to appeal (*see People v Brown*, 66 AD3d 1385, *lv denied* 14 NY3d 839), defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review (*see People v Garrett*, 60 AD3d 1389). In any event, defendant's contention is without merit. The court conducted a thorough inquiry into defendant's ability to enter the plea, and defendant stated that his lack of medication did not affect that ability. Defendant's answers to the questions of the court indicate that defendant understood the terms and consequences of the plea (*see People v Sonberg*, 61 AD3d 1350, *lv denied* 13 NY3d 800; *see generally People v Alexander*, 97 NY2d 482, 486).

Entered: July 1, 2011                              Patricia L. Morgan
                                                   Clerk of the Court