THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHA DIALLO, Also Known as ALPHA ISMAEL DIALLO, Appellant. [930 NYS2d 194]—

Defendant claims that, at the time of the plea allocution, the court was obligated to ask defendant if he understood he was giving up any psychiatric defense. Initially we note that defendant has not moved to withdraw his guilty plea. Moreover, this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), because there was nothing in the plea allocution that cast doubt on defendant's guilt or raised any defense, psychiatric or otherwise. Accordingly, this claim is unpreserved and we decline to review it in the interest of justice.

As an alternative holding, we also reject it on the merits. The record establishes that defendant's plea was knowing, intelligent and voluntary. Defendant's mental capacity to stand trial had already been established in proceedings under CPL article 730. Defendant cites to proceedings, before a different justice, relating to a possible defense of lack of responsibility by reason of mental disease or defect (*see* Penal Law § 40.15). However, nothing occurred at the plea proceeding that would trigger a duty on the court to inquire about a waiver of such a defense (*see e.g. People v Fiallo*, 6 AD3d 176, 177 [2004], *lv denied* 3 NY3d 640 [2004]).

Defendant made a valid waiver of his right to appeal, in a colloquy with the court as well as in writing (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]). That waiver forecloses review of defendant's contention that the sentence was harsh and excessive. As an alternative holding, we perceive no basis for reducing the sentence.

Defendant's constitutional speedy trial claim survives both his guilty plea and his appeal waiver, but it is nevertheless unreviewable. Defense counsel's speedy trial motion was made entirely on statutory rather than constitutional grounds (*see People v Jeffries*, 62 AD3d 530 [2009], *lv denied* 13 NY3d 745 [2009]), and defendant abandoned his unresolved pro se mo-

tions asserting constitutional speedy trial claims (*see People v Berry*, 15 AD3d 233, 234 [2005], *lv denied* 4 NY3d 883 [2005]). In any event, we find no violation of defendant's constitutional right to a speedy trial (*see People v Taranovich*, 37 NY2d 442 [1975]). Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.