Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered April 20, 2010, convicting him of burglary in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
*814 Ordered that the judgment is affirmed.
Approximately three months after he was indicted, and more than six months prior to the commencement of trial, the defendant made a pro se motion for the substitution of his assigned counsel. The record contains no evidence that the Supreme Court ever decided the motion. After the pro se motion was made, the defendant appeared in person or by video for several court conferences, and attended his pretrial suppression hearing and the trial. On no occasion did the defendant or his counsel make any mention of the outstanding pro se motion for the substitution of assigned counsel.
“[A] properly interposed constitutional claim may be deemed abandoned or waived if not pursued” (People v Alexander, 19 NY3d 203, 211 [2012] [citations omitted]). Here, the defendant’s conduct subsequent to the making of his pro se motion evinces his satisfaction with counsel and an abandonment of his unresolved constitutional application (see People v Diallo, 88 AD3d 511, 511-512 [2011]; People v Bigelow, 68 AD3d 1127, 1128 [2009]).
The defendant’s challenge to portions of the testimony of the fingerprint expert is unpreserved for appellate review, as the defendant failed to object to the testimony (see CPL 470.05 [2]; People v Batista, 92 AD3d 793, 793 [2012]; People v Chandler, 59 AD3d 562, 562 [2009]; People v Crawford, 54 AD3d 961, 962 [2008]). We decline to review that claim in the exercise of our interest of justice jurisdiction. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.