# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**149**

**KA 11-00806**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

PARIS HART, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 13, 2010. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea allocution was factually insufficient because County Court did not obtain a waiver of two possible affirmative defenses, i.e., mental disease or defect (*see People v Cruz*, 98 AD3d 1273, 1274, *lv denied* 20 NY3d 931; *People v Diallo*, 88 AD3d 511, 511, *lv denied* 18 NY3d 882; *People v Trapp*, 15 AD3d 916, 916, *lv denied* 4 NY3d 891), and extreme emotional disturbance (§ 125.25 [1] [a]). Nothing in the plea allocution raised the possibility that such defenses are applicable in this case (*cf. People v Mox*, 20 NY3d 936, 938; *People v Lopez*, 71 NY2d 662, 666-668; *People v Costanza*, 244 AD2d 988, 989), and defendant's contention therefore does not fall within the narrow exception to the preservation rule (*see Lopez*, 71 NY2d at 666).

Entered: February 14, 2014                    Frances E. Cafarell
                                             Clerk of the Court