The People of the State of New York, Respondent, 
against
Adam Widgins, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Diana M. Boyar, J.), rendered January 15, 2014, convicting him, upon his plea of guilty, of forcible touching and criminal possession of a controlled substance in the seventh degree, and imposing sentence, and (2) a judgment (same court and Judge), rendered January 16, 2014, convicting him, upon his plea of guilty, of forcible touching, and imposing sentence.




Per Curiam.
Judgments of conviction (Diana M. Boyar, J.), rendered January 15, 2014 and January 16, 2014, affirmed.
Since defendant did not move to withdraw his guilty plea or vacate the judgments, and since this case does not come within the narrow exception to the preservation requirement (see People v Peque, 22 NY3d 168, 182 [2013], cert denied sub nom. Thomas v New York, 135 S.Ct. 90 [2014]; People v Toxey, 86 NY2d 725 [1995]), his challenge to the validity of the plea is unpreserved and we decline to review it in the interest of justice (see People v Siders, 123 AD3d 408 [2014], lv denied 26 NY3d 935 [2015]). As an alternative holding, we reject it on the merits. At the plea proceeding, defendant pleaded guilty with full knowledge that he would be sentenced to two concurrent eight-month jail terms, as opposed to receiving potential consecutive one-year sentences if convicted after trial (see People v Murray, 15 NY3d 725, 726-727 [2010]; People v Alicea, 106 AD3d 619, 620 [2013], lv denied 21 NY3d 1040 [2013]), and defendant had all the information he needed to "knowingly, voluntarily and intelligently choose among alternative courses of action" (People v Catu, 4 NY3d 242, 245 [2005]). 

Defendant's claim of coercion was vague and unsubstantiated, and contradicted by his detailed plea allocution (see People v Nunez, 78 AD3d 503, 503-504 [2010], lv denied 16 NY3d 799 [2011]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: March 24, 2016