■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MOORE, Appellant. [44 NYS3d 27]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered July 31, 2014, as amended September 16, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender

previously convicted of a violent felony, to an aggregate term of 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant's family members were improperly excluded from the closed courtroom during the testimony of an undercover officer. It is undisputed that the evidence presented at a *Hinton* hearing did not demonstrate that the "exclusion of [defendant's family members was] necessary to protect the interest advanced by the People in support of closure" (*People v Nieves*, 90 NY2d 426, 430 [1997]; *see also Waller v Georgia*, 467 US 39 [1984]). The People ask us to interpret the record as indicating that the court did not, in fact, exclude defendant's relatives. While the record arguably presents a degree of ambiguity in this regard, in that both the prosecutor, in the course of his argument about the officer's efforts to conceal his identity, and the court, in discussing its decision, mentioned "the general public," these ambiguous and equivocal indications are insufficient to persuade us that defendant's family members were in fact allowed to be present.

The prosecutor requested that the courtroom be closed "entirely," without making any specific provision for family members, and asserted that the closure requested was not "overly broad." Defense counsel specifically asserted the right of the family members to be present. The court then granted the People's application, making no specific allowance or arrangements for the family members to attend. Under these circumstances, we cannot fairly read the record to indicate that the presence of family members was permitted.

Furthermore, since the court granted the prosecutor's application for an unlimited closure almost immediately after counsel stated that defendant's relatives wished to attend and had the right to do so, this was not a situation where counsel was obligated to remind the court that it had left an issue unresolved (*see e.g. People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Brimage*, 214 AD2d 454 [1995], *lv denied* 86 NY2d 732 [1995]). Accordingly, we are constrained to reverse the conviction. Since we are ordering a new trial, we find it unnecessary to reach any other issues. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.