People v Miller (2018 NY Slip Op 00313)





People v Miller


2018 NY Slip Op 00313


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-02110
 (Ind. No. 4792/09)

[*1]The People of the State of New York, respondent,
v
James Miller, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Raymond Guzman, J.), entered January 9, 2015, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of that court rendered April 20, 2010, convicting him of burglary in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant's contention that portions of the trial testimony of the People's fingerprint expert violated his right to confront witnesses under the Sixth Amendment to the United States Constitution (see People v Rawlins, 10 NY3d 136) was previously raised upon the defendant's direct appeal (see People v Miller, 102 AD3d 813, 814), where this Court found the contention to be unpreserved and determined, upon reviewing the record, that the case did not present a reasonable basis for the exercise of our interest of justice jurisdiction (see People v Semione, 235 NY 44, 46; People v Feuer, 11 AD3d 633, 634). Therefore, the defendant is barred from raising this contention anew, "dressed in different procedural garments" (People ex rel. Baumgart v Martin, 9 NY2d 351, 354; see CPL 440.10[2][a]).
Contrary to the defendant's contention, the Supreme Court could determine from the parties' submissions that the defendant was not deprived of the effective assistance of counsel (see People v Satterfied, 66 NY2d 796, 799-800; People v Khan, 153 AD3d 935).
Accordingly, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10.
MASTRO, J.P., CHAMBERS, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court