People v Penn (2018 NY Slip Op 06179)





People v Penn


2018 NY Slip Op 06179


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7127 463/16

[*1]The People of the State of New York, Respondent,
v
Robert Penn, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered November 16, 2016, convicting defendant, upon his plea of guilty, of robbery in the first degree (three counts) and robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.
The search warrant for defendant's apartment was supported by probable cause. The warrant affidavit set forth extensive information, including DNA evidence, connecting defendant with several robberies. The affidavit's omission of facts raising potential issues about some of the identification evidence did not undermine probable cause, which does not require proof beyond a reasonable doubt (see Brinegar v United States , 338 US 160, 175 [1949]; People v Bigelow , 66 NY2d 417, 423 [1985]).
Even assuming that the warrant's authorization for the seizure and search of cell phones and other electronic devices was somewhat overbroad, the balance of the warrant, pursuant to which evidence implicating defendant in two of the charged robberies was recovered, was not invalidated (see People v Brown , 96 NY2d 80, 85 [2001]). Since there is no indication that any incriminating evidence was derived from the search of electronic devices, any deficiency in that aspect of the search warrant was plainly harmless.
By failing to call the motion court's attention to the fact that the issue remained unresolved, defendant abandoned his contention that the People failed to establish the timeliness of
the warrant's execution (see e.g . People v Brimage , 214 AD2d 454 [1995], lv denied 86 NY2d 732 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK