People v Collier (2020 NY Slip Op 05298)





People v Collier


2020 NY Slip Op 05298


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 1738N/17 Appeal No. 11935 Case No. 2018-5286 

[*1]The People of the State of New York, Respondent,
v
Kyle Collier, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J. at Darden hearing; Thomas A. Farber, J., at jury trial and sentencing), rendered November 28, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of 1½ years, with two years' postrelease supervision, unanimously affirmed.
The trial court providently exercised its discretion in denying defendant's eve-of-trial request for new assigned counsel. Defendant's expression of generalized discomfort with his attorney did not constitute good cause for a substitution (see People v Porto, 16 NY3d 93, 99-100 [2010]; People v Hampton, 168 AD3d 559, 560 [1st Dept 2019], lv denied 33 NY3d 949 [2019]). Defendant also cites to events that occurred at his arraignment before a different justice. However, there is no indication that the trial court, whose ruling is being challenged on appeal, was made aware of those events (see e.g. People v Nunez, 78 AD3d 503, 504 [1st Dept 2010], lv denied 16 NY3d 799 [2011]). In any event, the statements by defendant and his attorney at arraignment do not warrant a different result.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
Based upon our review of the sealed minutes of a Darden hearing (see People v Darden, 34 NY2d 177 [1974]), we conclude that there was probable cause for the issuance of a search warrant.
The court providently exercised its discretion in denying defendant's mistrial motion, because the court's curative instructions, which the jury is presumed to have followed, were sufficient to prevent the offending testimony from causing any prejudice.
We perceive no basis for reducing the term of postrelease supervision. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020