People v Outlaw (2022 NY Slip Op 07035)

People v Outlaw

2022 NY Slip Op 07035

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Ind. No. 137/13 Appeal No. 16872 Case No. 2017-440 

[*1]The People of the State of New York, Respondent,
v
Lewis R. Outlaw, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Susan Epstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Judgment, Supreme Court, New York County, (Melissa C. Jackson, J.) rendered May 29, 2014, as amended September 16, 2014, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to an aggregate term of four years, unanimously affirmed.
Defendant did not preserve his claim that his family members were improperly excluded from the courtroom during the testimony of an undercover officer, and we decline to review it in the interest of justice. At the hearing on closure, counsel for the codefendant noted the presence of his own client's family and stated that they had a right to be in attendance. After arguing that the People had not made a case for any closure, he asked the court to "allow . . . the courtroom doors to be open [and] the detective should testify under his own name." Defendant's counsel stated simply, "I join in [codefendant's counsel's] application as well." On the codefendant's appeal, this Court determined that the codefendant's family members were improperly excluded from the closed courtroom and ordered a new trial (People v Moore, 145 AD3d 552 [1st Dept 2016]). However, unlike his codefendant, this defendant failed to note any family members' presence or otherwise make any mention of anyone he wished to be present during the undercover officer's testimony (see People v Nieves, 90 NY2d 426, 430 [1997]; People v Smith, 266 AD2d 62 [1st Dept 1999], lv denied 95 NY2d 838 [2000]). The first mention in the record of defendant's family members having attended the trial came at sentencing, long after the court had ruled on closure. At most, defendant objected to closure of the courtroom to the general public, an issue he does not pursue on appeal. As a result, defendant deprived the court of the opportunity to assess the potential danger that might be posed to the officer's safety by particular family members (see Nieves, 90 NY2d at 431).
A detective should not have been permitted to testify that he was told by the employer of a home health care aide, who was in the apartment where the drug transaction and ensuing arrest took place, that the aide had made complaints about drug activity in the apartment. This was not relevant as background to explain why the officers did not arrest the aide, who was undisputedly in the apartment to care for an infirm resident, and defendant did not open the door to this otherwise inadmissible hearsay testimony (see e.g. People v Garcia, 25 NY3d 77, 86 [2015]). However, we find that the error was harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]). The offending testimony did not inculpate defendant or contradict his defense, but merely tended to show that drug activity was being conducted in the apartment by someone.
Moreover, there was overwhelming evidence of defendant's guilt, including his possession of prerecorded buy money. 
THIS CONSTITUTES THE DECISION AND [*2]ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022