People v Jimenez (2023 NY Slip Op 06318)

People v Jimenez

2023 NY Slip Op 06318

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Ind No. 1645/15 Appeal No. 1167 Case No. 2017-976 

[*1]The People of the State of New York, Respondent,
v
Cory Jimenez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Naila S. Siddiqui of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at motion to controvert the search warrant; Ruth Pickholz, J., at suppression hearing, plea, and sentencing), rendered July 19, 2016, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
The court properly denied defendant's motion to controvert the search warrant. The warrant was based on probable cause and created a sufficient nexus between the firearm and defendant's car, justifying a search of the vehicle (see People v Ventura, 217 AD3d 507, 508 [1st Dept 2023], lv denied 40 NY3d 952 [2023]).
Defendant's request for a Franks hearing was properly summarily denied. He failed to make a "substantial preliminary showing" that the purported statements he made to his wife and at the precinct relating to his ownership of the vehicle were false statements that the affiant officer "knowingly and intentionally" or "with reckless disregard for the truth" included in the warrant affidavit (Franks v Delaware, 438 US 154, 155-156 [1978]).
Defendant abandoned his request to expand the Huntley hearing to determine the voluntariness of the statements he made at the precinct by failing to bring it to the hearing court's attention (see People v Brimage, 214 AD2d 454, 454-455 [1st Dept 1995], lv denied 86 NY2d 732 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023